Troy B. Froderman (012717)
Rita M. Gara (037349)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 210
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
rgara@frlawgroup.com

Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)
WEINER & CORDING
3100 Arapahoe Avenue, Suite 202
Boulder, Colorado 80303
(303) 440-3321
randall@randallweiner.com
annmarie@weinercording.com
*Applicant Pro Hac Vice Forthcoming*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group and American Wild Horse Conservation, | Case No. |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| vs. | |
| United States Government, Department of Agriculture, Tom Vilsack as acting United States Secretary of Agriculture; United States Forest Service, Robert Lever, acting in his official capacity as Forest Supervisor, Apache-Sitgreaves National Forest and Michiko Martin, acting in her official capacity as Regional Forester, Southwestern Region; Rail Lazy H Contracting and Consulting LLC d/b/a Rail Lazy H; and Johnson County Livestock Exchange, | |
| Defendants. | |

1

**INTRODUCTION**

1.     The Salt River Wild Horse Management Group ("SRWHMG") and American Wild Horse Conservation ("AWHC") (collectively the "Wild Horse Conservation Groups") bring this civil action for declaratory and injunctive relief against the United States Forest Service (the "Forest Service" or "USFS") for violating the notice requirements for a livestock auction of 13 horses recently removed from the Apache-Sitgreaves National Forest in Arizona (hereby referenced as the "Alpine Wild Horses").

2.     Before the USFS may conduct an auction for wild horses, or "unauthorized livestock," it captures on its lands, it must first publish a notice of intent to impound said livestock. Then, the livestock may be impounded any time 15 days after the Notice of Impound is first published "[1] in a local newspaper and [2] posted at the county courthouse and [3] in one or more local post offices." 36 C.F.R. § 262.10(b). The USFS is also required to publish a separate *notice of sale* five days before the auction describing the livestock and specifying the date, time, and place of the sale. 36 C.F.R. § 262.10(d).

3.     The USFS plans to sell the Alpine Wild Horses from the Apache Forest at an auction conducted by the Johnson County Livestock Exchange ("Johnson Exchange"), located at 3119 N Main St., Cleburne, TX 76033. This auction (the "Cleburne Auction") is brokered by Defendant Rail Lazy H Contracting and Consulting LLC ("Lazy H"), and is to commence on Wednesday, July 24, 2024.

4.     These regulatory violations prevent and have previously prevented Plaintiffs and their members and affiliates from meaningfully participating in the Cleburne Auction

and other auctions. Plaintiffs have participated in every past Alpine wild horse auction they were admitted to in order to purchase such horses and find them good homes.

5. Defendant Rail Lazy H Contracting and Consulting LLC d/b/a Rail Lazy H ("Lazy H") is under contract with the USFS to impound, capture and sell horses in the Apache-Sitgreaves National Forest.

6. Defendant Lazy H must fulfill its contract with the USFS consistent with applicable federal procurement requirements. *See* 41 C.F.R. § 102-38.5, *et seq*. In particular, federal procurement regulations require that bids can only be rejected "when such action is advantageous to the Government, or when it is in the public interest to do so." *See* 41 C.F.R. § 102-38.205.

7. Federal procurement regulations also require that "[y]ou may use any method of sale provided the sale is publicly advertised and the personal property is sold with full and open competition…You must select the method of sale that will bring maximum return at minimum cost…" *See* 41 C.F.R. § 102-38.80(a).

8. Lazy H often prevents Plaintiffs and other horse advocates from participating in, or meaningfully participating in, its Alpine Wild Horse auctions which take place on its website. Lazy H has imposed unreasonable and selective participation restrictions on Plaintiffs and other horse advocates and individuals and has ignored and rejected many participant applications with no explanation. Lazy H has also taken Alpine Wild Horses captured pursuant to contract but failed to offer them in a public auction, as required.

9. Lazy H has engaged in self-dealing, shill bidding, and has worked for personal gain at the expense of the Forest Service.

10.     Lazy H has engaged in shill bidding which was not disclosed to the public as required.

11.     Defendants have also engaged in unlawful animal cruelty during the capture, transport, loading and auction of the Alpine Wild Horses.

12.     The transport of Alpine Wild Horses to a Texas auction house (investigated for its cruelty to animals) violates the "maximum return at minimum cost" requirement. It also holds the most risk for the horses who have to travel without rest for more than 28 hours.

13.     Federal law prohibits, during transportation of any animal, confinement of animals in a vehicle or vessel for more than 28 consecutive hours without unloading the animals for feeding, water, and rest. 49 U.S.C. § 80502(a)(1).

14.     Federal law requires that animals being transported "shall be unloaded in a humane way into pens equipped for feeding, water, and rest for at least 5 consecutive hours." 49 U.S.C. § 80502(b).

15.     This action is brought, for among other purposes, to require USFS to publish proper notices of its impoundment and sale of wild horses for each impoundment and sale, with proper descriptions of the horses.

16.     It is also brought to restrain and enjoin Defendants from (1) taking any action that improperly prevents Plaintiffs from participating in USFS and/or Lazy H auctions and/or (2) conducting auctions without complying with "full and open competition" and "maximum return at minimum cost" requirements and/or (3) violating animal cruelty requirements and laws as described herein.

4

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. sections 701-706; 28 U.S.C. section 1346 (United States as defendant); and 28 U.S.C. section 1331 (federal question jurisdiction), with claims arising under the Administrative Procedure Act, 5 U.S.C. §§ 551–559.

18.    An actual controversy exists between the parties within the meaning of 28 U.S.C. section 2201(a). This Court may grant declaratory relief and additional relief pursuant to 28 U.S.C. sections 2201-2202 and 5 U.S.C. sections 701-706.

19.    Venue is proper in this judicial district and Court pursuant to 28 U.S.C. section 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district. Venue is also proper in the Phoenix Division pursuant to Civil Local Rules 77.1 and 5.1, because this case is founded on causes of action arising in the Phoenix Division.

## PARTIES

20.    Plaintiff SRWHMG is dedicated to the protection and humane management of the Salt River wild horses who live in the Tonto National Forest, and the Alpine Wild Horses who live in the Apache-Sitgreaves National Forest in Arizona. Significantly, SRWHMG is under contract with the Agriculture Department of the State of Arizona to undertake humane management activities in direct support of the Salt River wild horses and to maintain their health and control their population through fertility control. The fertility control program has reduced the yearly foalcrop from over 100 foals per year until 2019, to

between 1 and 3 foals per year thereafter. This is a humane way of reducing a herd population without cost to the Forest Service. SRWHMG participates in all Alpine Wild Horse auctions - when granted access. It has found 392 Alpine Wild Horses good homes and sanctuaries.

21.     Plaintiff AWHC is a nonprofit organization dedicated to the protection and humane management of America's iconic wild horses and burros, generally, and works to protect them throughout the United States.  They administer the largest fertility control program in the United States on the Virginia Range in Nevada on a population of over 3,000 horses. AWHC members tried to participate in auctions of the Alpine Wild Horses on the Lazy H site, but were denied.  AWHC sometimes participates in auctions to purchase wild horses for adoption and protect them from slaughter.

22.     Defendant UNITED STATES GOVERNMENT DEPARTMENT OF AGRICULTURE, is an agency within the United States government.

23.     Defendant UNITED STATES FOREST SERVICE is a federal government agency within the Department of Agriculture, which holds the National Forests in trust for the American people and is responsible for actions in the Apache-Sitgreaves National Forest.

24.     Defendant MICHIKO MARTIN is sued in her official capacity as the Regional Forester of the Southwestern Region of the U.S. Forest Service. Forester Martin is directly responsible for horse management in the Apache Sitgreaves National Forest and for ensuring that all resource management decisions comply with applicable laws and regulations.

25.    Defendant Lazy H is a third-party contractor with the United States Forest Service that impounds, captures, and sells horses from the Apache-Sitgreaves National Forest at auctions conducted by itself and more recently at Texas livestock auctions. Defendant Lazy H has moved the 13 Alpine horses, subject to the Court's Temporary Restraining Order, to an undisclosed location and, along with the USFS, is in charge of their well being.

26.    Defendant Johnson Exchange, located at 3119 N. Main St., Cleburne, TX 76033, runs the Cleburne Auction and has auctioned off 26 Alpine Wild Horses in the past. Thirteen (13) Alpine Wild Horses were scheduled to be auctioned off at the Cleburne Auction on July 24, 2024, however auction of the horses was cancelled as a result of the Temporary Restraining Order entered by the Court on July 24, 2024 (Doc. 10).

## STATUTORY BACKGROUND

### Administrative Procedure Act

27.    The Administrative Procedure Act entitles those adversely affected by final agency actions to a right of judicial review. 5 U.S.C. §§ 702, 704.

28.    The APA directs reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions" that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(A).

## FACTUAL BACKGROUND

29.    The Alpine Wild Horses were removed from the Apache-Sitgreaves National Forest in Arizona.

7

30.     The Alpine Wild Horse herd lives on federal public land in the Apache-Sitgreaves National Forest which is managed by the United States Forest Service.

31.     The USFS has contracted with Defendant Lazy H to round up these horses and sell them at auction.

32.     Before any impoundment or eventual sale of the Alpine Wild Horses could occur, the Forest Service was required to provide notice pursuant to 36 C.F.R. § 262.10.

33.     The Forest Service provided inadequate Notice of Impound in that the impound notice was overly broad listing a timeframe for impound spanning an entire year which effectively provides no real notice of when the impound will occur.

34.     The Notice was further deficient in that the provided location wherein the horses would be impounded spanned millions of acres over three ranger districts, again effectively providing no real or meaningful notice of where the impound was going to occur.

35.     The Forest Service provided inadequate Notice of Sale of the horses in that the notices failed to provide the time the sale of the horses was to take place. The notice further failed to provide an adequate description of the horses which were being offered for sale.

36.     These notice deficiencies prevented Plaintiffs, and likely others, from being able to participate in the auctions as the process is meant to allow.

37.     Unless groups like Plaintiffs purchase these horses, the horses' likely fate is death as they will otherwise invariably be purchased for slaughter because there is practically no other market for untrained wild horses.

38.     Plaintiffs are non-profit organizations formed to protect wild horses, manage them humanely in the field at no cost to the government, or rescue them and place them in good homes.

39.     Plaintiff SRWHMG currently manages wild horses in the Tonto National Forest in Arizona pursuant to a contract with the State of Arizona and pursuant to the Salt River Horse Act, A.R.S. § 3-1491, enacted in 2017.

40.     To date, SRWHMG has placed or helped place 392 Alpine Wild Horses in good homes and sanctuaries, as a result of purchasing horses at auctions as recently as two weeks ago.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### VIOLATION OF APA

41.     Plaintiffs incorporate by reference and re-allege all allegations set forth above.

42.     The Forest Service's failure to comply with the notice requirements discussed herein constitutes arbitrary and capricious agency action, is an abuse of discretion, and is contrary to law and to procedures required by law. 5 U.S.C. § 706(2)(A), (D).

43.     As such, Defendants' actions should be held unlawful and set aside.

### SECOND CLAIM
### VIOLATION OF APA

44.     Plaintiffs incorporate by reference and re-allege all allegations set forth above.

45.     The Forest Service's and Lazy H's failure to comply with the Federal procurement and other regulations and laws in the conduct of its auctions as discussed herein constitutes arbitrary and capricious agency action, is an abuse of discretion, and is contrary to law and to procedures required by law. 5 U.S.C. § 706(2)(A), (D).

46.     As such, Defendants' actions should be held unlawful and set aside.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and provide the following relief:

1.     Declare that Defendants violated the APA in issuing inadequate notices of impoundment and notice of sale for the Cleburne Auction;

2.     Enjoin Defendants from proceeding with sales of the Alpine Wild Horses taken from the Apache-Sitgreaves National Forest to be sold at Auction until they provide adequate Notice of Impound and adequate Notice of Sale;

3.     Declare that Defendants violated the APA in violating Federal procurement regulations with respect to its wild horse auctions;

4.     Enjoin Defendants from engaging in practices at, before and after its wild horse auctions that violate Federal procurement regulations;

5.     Enjoin Defendants from engaging in practices during the capture, impound, transport, and sale of the Alpine Wild Horses that endanger or harm the horses;

6.     Require Defendants to maintain records, provide transparency and publicly report any deaths of Alpine Wild Horses that occur while in their possession or custody; said report shall include the manner and cause of death;

7.     Grant Plaintiffs such temporary restraining orders or preliminary or permanent injunctions as they may request;

8.     Award Plaintiffs costs and reasonable attorneys' fees as authorized by the

Equal Access to Justice Act, 28 U.S.C. § 2412 and any other statute;

      9.    Retain jurisdiction of this action to ensure compliance with its decree; and

    10.    Any other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of July 2024.

FR LAW GROUP PLLC

By:_____

Troy B. Froderman, Esq.
Rita M. Gara, Esq.

WEINER & CORDING
Randall M. Weiner, Esq.
Annmarie Cording, Esq.

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2024, I electronically transmitted the above document (First Amended Complaint) to the Clerk's Office using the ECF System for filing and caused a copy to be electronically transmitted to the following ECF registrants.

Todd Kim, Assistant Attorney General
United States Department of Justice
Environmental & Natural Resources Division
and
Brian R. Herman
Natural Resources Division
Brian.herman@usdoj.gov
*Attorneys for Federal Defendants*


/s/ *Rita M. Gara*