ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BRIAN R. HERMAN (DC Bar No. 1044672)
Senior Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 532-3278
Email: brian.herman@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group, | Case No.: 3:24-cv-08148-JJT |
| Plaintiff, | **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 45]** |
| v. | |
| U.S. Department of Agriculture, et al., | |
| Defendants. | |

1  The United States, the U.S. Department of Agriculture, Brooke L. Rollins in her official capacity as Secretary of the Department of Agriculture,[1] the U.S. Forest Service, Robert Lever in his official capacity as Forest Supervisor of the Apache-Sitgreaves National Forest, and Michiko Martin in her official capacity as Regional Forester for the Southwestern Region (collectively "Federal Defendants") respond to Plaintiff's March 12, 2025 Second Amended Complaint for Declaratory Judgment and Injunctive Relief, Dkt. No. 45, as follows:

    1.    Plaintiff alleges that the U.S. Forest Service violated certain regulations when it impounded certain horses found on the Apache-Sitgreaves National Forests, and when it scheduled an auction of those horses for July 2024. 2d Am. Compl. ¶¶ 1–4, 36–38. Plaintiff also alleges that some or all of the defendants, including non-federal defendants, engaged in "animal cruelty during the capture, transport, loading and auction" of the horses. *Id.* ¶ 11.

    2.    Plaintiff brings two claims, both under the Administrative Procedure Act (5 U.S.C. §§ 701–06). Compl. at 10–11. Under the APA, the Court's task is not to find facts. Rather, it is to review the Administrative Record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, the Administrative Record supports the agency's decision or whether the agency's decision was arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). The Ninth Circuit has

---

[1] Brooke L. Rollins automatically substituted for the prior Secretary of Agriculture upon succeeding to the office. Fed. R. Civ. P. 25(d).

repeatedly articulated and enforced the general rule that the scope of judicial review of agency action is limited to the Administrative Record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

3. Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures—such as Answers to Complaints—used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579–80 (10th Cir. 1994) ("Reviews of agency action in the district courts must be processed *as appeals*." (emphasis in original)); *see also Atieh v. Riordan*, 727 F.3d 73, 75–76 (1st Cir. 2013) (the description of an APA complaint "as an action for a declaratory judgment . . . is inapt"; "judicial review of the agency's decision must proceed on the administrative record"; "APA review . . . involves neither discovery nor trial."). As the First Circuit has explained, "[a]llowing the allegations of a complaint [in an APA case] to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision." *Atieh*, 727 F.3d at 76.

4. In accordance with the appropriate standards for APA review, the Federal Defendants deny that any final agency action by the Forest Service relating to the

impoundment and auction of horses from the Apache-Sitgreaves National Forests in 2024 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

5. Federal Defendants deny the alleged APA violations in the Complaint's First Claim for Relief (2d Am. Compl. ¶¶ 44–46).

6. Federal Defendants deny the alleged APA violations in the Complaint's Second Claim for Relief (2d Am. Compl. ¶¶ 47–49).

7. Federal Defendants deny that Plaintiff is entitled to any of the relief it seeks.

8. Federal Defendants continue to deny that this Court has subject matter jurisdiction over Plaintiff's APA claims. The action is moot, Plaintiff lacks standing, Plaintiff fails to identify final agency action for its Second Claim for Relief, and only the United States Court of Federal Claims has subject matter jurisdiction over procurement matters.

9. Because the Court has denied the Federal Defendants' motions to dismiss for lack of subject matter jurisdiction, this matter should, under the standards of the APA, proceed with production of the Administrative Record and briefing on the merits of Plaintiff's APA challenges.

Respectfully submitted this 3rd day of February, 2026,

          ADAM R.F. GUSTAFSON
          Principal Deputy Assistant Attorney General

          /s/Brian R. Herman
          BRIAN R. HERMAN
          Senior Trial Attorney
          P.O. Box 7611
          Washington, DC 20044-7611
          Tel: (202) 532-3278
          Email: brian.herman@usdoj.gov