ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

Gabriel Lopez (FL Bar No. 1017629)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-0881
Email: Gabriel.lopez2@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group, <br><br> Plaintiff, <br><br> v. <br><br> U.S. Department of Agriculture, et al., <br><br> Defendants. | Case No.: 3:24-cv-08148-JJT <br><br> **DEFENDANTS' MOTION TO VACATE CASE MANAGEMENT AND SCHEDULING CONFERENCE SET FOR APRIL 2, 2026 AND TO VACATE ORDER TO PROPOSE SCHEDULE [DKT. NO. 58]** |

The federal defendants, the United States, the U.S. Department of Agriculture, Brooke L. Rollins in her official capacity as Secretary of the Department of Agriculture, the United States Forest Service, Josh Miller in his official capacity as Forest Supervisor for the Apache-Sitgreaves National Forest[1], and Michiko Martin in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Josh Miller is substituted as Forest Supervisor for the Apache-Sitgreaves National Forest.

her official capacity as Regional Forester for the Southwest Region, respectfully request that the Court vacate the Pretrial Scheduling Conference set for Thursday, April 2, 2026, and vacate the Court's order requiring counsel for the parties to meet and propose a Joint Proposed Case Management Plan pursuant to Fed. R. Civ. P. 26(f). Dkt. No. 58.

Under Federal Rule of Civil Procedure 16, a court may modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). Good cause exists to modify the Court's order and schedule. The procedures of Rule 16 and Rule 26 do not apply here. This case arises out of Plaintiff's challenge to the U.S. Forest Service's impoundment of certain horses found on the Apache-Sitgreaves National Forests, and subsequent scheduling of an auction of those horses for July 2024. 2d Am. Compl. ¶¶ 1–4, 36–38, Dkt. No. 45. Plaintiff also alleges that some or all of the defendants, including non-federal defendants, engaged in "animal cruelty during the capture, transport, loading and auction" of the horses. *Id.* ¶ 11. Plaintiff's two counts are both brought under the Administrative Procedure Act, 5 U.S.C. §§ 701–06 (the "APA"). Compl. at 10–11.

Under the APA, the Court's task is not to find facts. Rather, it is to review the Administrative Record that was before the federal agency at the time it made the challenged decision. *See e.g., Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986). Judicial review in APA cases is limited to determining whether, as a matter of law, the Administrative Record supports the agency's decision or whether the agency's decision was arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *see e.g., Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). The

standard discovery tools of civil litigation—including depositions, interrogatories, and wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply in APA proceedings. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) (the full administrative record compiled by the agency is the basis for review required by § 706 of the Administrative Procedure Act,; *see also Florida Power & Light*, 470 U.S. at 744 ("[T]he reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry."); *Camp v. Pitts*, 411 U.S. 138, 143 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (the reviewing court in an APA action should consider only the materials that were before the agency when it made its decision, and should not substitute its opinion for that of the agency).

The Court's order and schedule is inconsistent with this governing legal framework. For example, the order requires the parties to confer and propose deadlines for the completion of all fact discovery, to discuss the scope of discovery, and to propose an estimated length of trial. Because there is no traditional civil discovery or trial proceedings under the APA, the Court must modify its order and schedule. The Federal Defendants respectfully request that the Court replace its scheduling order with the following schedule appropriate for this APA case:

1. Federal Defendants serve a copy of the Administrative Record on all parties and file a certified index with the Court – **April 6, 2026.**

2. Deadline for any party to file a motion relating to the content of the Administrative Record – **June 5, 2026.**

3. If no party files a motion about the content of the Administrative Record, Plaintiff will file its Motion for Summary Judgment and Opening Brief by **August 4, 2026**.

4. Defendants file their Cross-Motions for Summary Judgment and Combined Opening/Response Briefs by **September 3, 2026.**

5. Plaintiff files its Combined Summary Judgment Response/Reply Brief by **October 2, 2026.**

6. Defendants file a Summary Judgment Reply Brief, if any, by **November 2, 2026**.

Federal Defendants have conferred with all other parties. Counsel has conferred by way of electronic communication with Plaintiff, who opposes the relief sought. Counsel has conferred by way of electronic communication with the non-federal defendants, who agree with the relief sought and support this motion.

Thus, in accordance with the foregoing, Federal Defendants respectfully move the Court to vacate its order and schedule and adopt the schedule set forth above.

Respectfully submitted this 26th day of February, 2026,

        ADAM R.F. GUSTAFSON
        Principal Deputy Assistant Attorney General

        */s/ Gabriel Lopez*
        Gabriel Lopez
        Trial Attorney
        P.O. Box 7611
        Washington, DC 20044-7611
        Tel: (202) 598-0881
        Email: Gabriel.lopez2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Salt River Wild Horse Management Group, | ) | Case No.: 3:24-cv-08148-JJT |
| | ) | |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO VACATE CASE MANAGEMENT AND SCHEDULING** |
| v. | ) ) | **CONFERENCE SET FOR APRIL 2, 2026 AND TO VACATE ORDER TO** |
| U.S. Department of Agriculture, et al., | ) | **PROPOSE SCHEDULE** |
| | ) | |
| Defendants. | ) ) | |

The Court, having considered the Federal Defendants' motion to vacate the Pretrial Scheduling Conference set for Thursday, April 2, 2026, and vacate the Court's order requiring counsel for the parties to meet and propose a Joint Proposed Case Management Plan pursuant to Fed. R. Civ. P. 26(f), hereby **GRANTS** the motion for good cause shown.  The Court hereby adopts the schedule proposed in Federal Defendants' motion.

1. Federal Defendants shall serve a copy of the Administrative Record on all parties and file a certified index with the Court on or before **April 6, 2026.**
2. The parties shall until **June 5, 2026,** to file a motion relating to the content of the Administrative Record**.**
3. Plaintiff shall file its Motion for Summary Judgment and Opening Brief by **August 4, 2026**.
4. Defendants shall file their Cross-Motions for Summary Judgment and Combined Opening/Response Briefs by **September 3, 2026.**
5. Plaintiff shall file its Combined Summary Judgment Response/Reply Brief by **October 2, 2026.**
6. Defendants shall file a Summary Judgment Reply Brief, if any, by **November 2, 2026**.