Troy B. Froderman (012717)
Rita M. Gara (037349)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 210
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
rgara@frlawgroup.com

Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)
WEINER & CORDING
3100 Arapahoe Avenue, Suite 202
Boulder, Colorado 80303
(303) 440-3321
randall@randallweiner.com
annmarie@weinercording.com
*Applicant Pro Hac Vice Forthcoming*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Salt River Wild Horse Management Group and American Wild Horse Conservation,<br><br>Plaintiffs,<br><br>vs.<br><br>United States Government, Department of Agriculture, Tom Vilsack as acting United States Secretary of Agriculture; United States Forest Service, Robert Lever, acting in his official capacity as Forest Supervisor, Apache-Sitgreaves National Forest and Michiko Martin, acting in her official capacity as Regional Forester, Southwestern Region; Rail Lazy H Contracting and Consulting LLC d/b/a Rail Lazy H; and Johnson County Livestock Exchange,<br><br>Defendants. | Case No. CV-24-08148-JTT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE CASE MANAGEMENT AND SCHEDULING CONFERENCE SET FOR APRIL 2, 2026 AND TO VACATE ORDER TO PROPOSE SCHEDULE [DKT. NO. 58]** |

1

**INTRODUCTION**

The Salt River Wild Horse Management Group ("SRWHMG") and American Wild Horse Conservation ("AWHC") (collectively, "Plaintiffs" or the "Wild Horse Preservation Groups") oppose Defendants' proposed "streamlined" briefing schedule. Defendants' proposal improperly presumes that the record is complete and that no supplementation or extra-record review will be warranted. That presumption is premature and inconsistent with established Administrative Procedure Act ("APA") jurisprudence. Although judicial review under the APA is typically based on the administrative record, supplementation is appropriate under defined circumstances. *See Fence Creek Cattle Co. v. United States Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (discussed below).

**ARGUMENT**

**I. A Merits-Only APA Schedule Is Premature.**

Defendants' proposed schedule assumes that review in this case will be limited to the administrative record as designated by the agency. That assumption is unwarranted at this stage. Expansion of the administrative record is allowed in four circumstances: "(1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency." *Id.*

In this case, Plaintiffs challenge the Forest Service's failure to comply with mandatory notice requirements under 36 C.F.R. § 262.10 prior to the impoundment and sale of the Alpine Wild Horses, as well as its failure to comply with the "maximum return at

2

minimum cost" regulatory requirements. *See* 41 C.F.R. § 102-38.80(a). The adequacy, timing, dissemination, and handling of auction notice and financial management materials are central to Plaintiffs' claims. Most of these documents are likely to be in the possession of the government contractors and not appear in the administrative record, although the agency and/or its agents would have relied on them. *See Fence Creek Cattle Co. v. United States Forest Serv.*, 602 F.3d at 1131 (circumstance 2).

**II. Limited Discovery Is Necessary to Determine Whether Supplementation Is Warranted.**

Plaintiffs do not seek broad merits discovery. Rather, Plaintiffs seek narrowly tailored discovery necessary to determine whether supplementation is appropriate under recognized APA exceptions. Without such limited discovery, Plaintiffs cannot meaningfully assess whether documents were excluded, whether the agency failed to consider relevant factors, or the appropriate relief to request of the Court.

Moreover, since there are private parties involved, discovery is necessary to ascertain the extent of violations of "statutory requirements prohibiting animal cruelty in conducting the subject auctions by engaging in animal cruelty resulting in injury to the horses through their processes in the capture, transport, loading, and auction of the horses," an allegation the Court recognized in its most recent Order. ECF No. 54 (Court's 1/20/26 Order) at 9 (also recognizing Plaintiff's allegation of "self-dealing" violations).

The U.S. Supreme Court has acknowledged in a record review case decades ago that inquiry beyond the administrative record is appropriate when the record is inadequate to permit effective judicial review. In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S.

3

402, 420 (1971), the Supreme Court recognized that where the administrative record is insufficient to permit meaningful review, additional explanation from agency officials, including through testimony or affidavits, may be necessary. *See also Camp v. Pitts*, 411 U.S. 138, 143 (1973) ("the court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary").

The Ninth Circuit has applied these principles to permit limited discovery where necessary to ensure effective review. In *Public Power Council v. Johnson*, the court held that there were compelling reasons to allow limited discovery to determine if a "Northern Region RWA Policy" existed and was considered by the Forest Service in drafting a travel planning document. 674 F.2d 791, 793 (9th Cir. 1982). In denying the Respondent's motion to quash subpoenas, the Court analyzed the exceptions to the general rule that judicial review is restricted to the administrative record and held that discovery was warranted. *Id.* at 793–94. *See also Idaho State Snowmobile Ass'n v. United States Forest Serv.*, 2014 U.S. Dist. LEXIS 33592 *7 ("Plaintiffs are entitled to propose a limited discovery plan [in APA case] that is focused on uncovering evidence…").

That is the case here, where limited discovery is needed to ensure effective review. Discovery is needed to determine whether Defendants failed to comply with (i) mandatory notice requirements, (ii) the "maximum return at minimum cost" regulatory requirements, and (iii) "statutory requirements prohibiting animal cruelty … in the capture, transport, loading, and auction of the horses." *See Fence Creek Cattle Co. v. United States Forest Serv.*, 602 F.3d at 1131 (circumstance 1).

Based on the foregoing, Plaintiff asserts that a "meet and confer" between the parties is appropriate to discuss these discovery matters and ascertain whether the parties can agree on a joint proposed case management plan that addresses Plaintiff's need for limited discovery beyond the Administrative Record. To date, Defendants have rejected our request to meet and confer. We therefore respectfully request the Court enter an order denying Defendants' *Motion to Vacate Case Management and Scheduling Conference Set for April 2, 2026 and to Vacate Order to Propose Schedule [DKT. No. 58]* and order the parties to comply with this Court's Order of February 26, 2026, Dkt. No. 58.

RESPECTFULLY SUBMITTED this 6th day of March, 2026.

FR LAW GROUP PLLC

By: _____

Troy B. Froderman, Esq.
Rita M. Gara, Esq.

WEINER & CORDING
Randall M. Weiner, Esq.
Annmarie Cording, Esq.

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2026, I electronically transmitted the foregoing document (PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE CASE MANAGEMENT AND SCHEDULING CONFERENCE SET FOR APRIL 2, 2026 AND TO VACATE ORDER TO PROPOSE SCHEDULE [DKT. NO. 58]) to the Clerk's Office using the ECF System for filing and caused a copy to be electronically transmitted to all parties of record.

 /s/ Tamber Diefenbach