# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Agriculture, *et al.*,<br><br>Defendants. | No. CV-24-08148-PCT-JJT<br><br>**ORDER** |

At issue are the Application for Temporary Restraining Order (TRO) and Preliminary Injunction; [and the] Motion to Supplement Complaint filed by Plaintiff Salt River Wild Horse Management Group (Doc. 64, App.).

In this existing dispute about whether Defendants comply with the relevant statutes and regulations in the management, impoundment, and sale of horses from the Apache-Sitgreaves National Forest in Arizona, Plaintiff now provides evidence to show that Defendants "have begun impounding (or allowing the impoundment of) [the Heber Wild Horses] on or before April 21, 2026, although [their] notice of impoundment lists its effective date as 'on or after April 27, 2026.'" (App. at 2, 7; Doc. 64-4, Fellhoelter Decl.) As the Court found in a prior Order, the relevant regulation—36 C.F.R. § 262.10—"provides that the livestock subject to the impoundment in the notice 'may be impounded without further notice any time within the 12-month period immediately *following* the effective date of the notice.'" (Doc. 25, Order at 2 (emphasis added).) Impoundment prior

to the noticed date is not permitted by the regulation. For the purposes of the requested TRO, Plaintiff has thus shown sufficient likelihood of success on the merits of a claim that Defendants have failed to comply with the relevant regulations in impounding the Heber Wild Horses.

Plaintiff also provides evidence (App. at 3–4, 8–10; Doc. 64-12, Netherlands Decl.) that Defendants changed the designation of the Heber Wild Horses at issue here to "unauthorized livestock" without a "reasoned explanation" as required by the Administrative Procedure Act (APA). *See Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221–24 (2016). In this additional way, Plaintiff has shown sufficient likelihood of success on the merits of a claim that Defendants have failed to meet the APA requirements.[1]

Plaintiff asks to supplement its Second Amended Complaint (Doc. 45)—the operative pleading—under Federal Rule of Civil Procedure 15(d) to add allegations regarding these recent events. Rule 15(d) provides that the Court may, "on motion and reasonable notice" as well as "just terms," permit a plaintiff to supplement a complaint to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Further, Rule 15(d) expressly allows supplementation of claims raised in a prior pleading that the Court has already dismissed as defective. The goal of Rule 15(d) is "judicial efficiency," determined by assessing "whether the entire controversy between the parties could be settled in one action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotations and citation omitted). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Id.* (internal quotations and citation omitted).

Here, Plaintiff's new allegations go to its claims under the APA, 5 U.S.C. § 706(2), that Defendants have failed to comply with the relevant statutes and regulations, and the Court finds that permitting Plaintiff to supplement its Second Amended Complaint with additional allegations is justified and in the interest of judicial efficiency. The Court will

---

[1] Plaintiff also provides evidence that Defendants are violating the Comprehensive Animal Welfare Program in their handling of the Heber Wild Horses that Defendants have already impounded. (App. at 3, 7–8.) The Court will consider that argument in resolving Plaintiff's Application for Preliminary Injunction.

- 2 -

thus provisionally allow Plaintiff to plead the supplemental allegations for the purpose of resolving Plaintiff's TRO Application but will allow Defendants to respond to Plaintiff's Rule 15(d) request in their response to Plaintiff's application for preliminary injunction.

Under *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7 (2008), and upon consideration of Plaintiff's TRO Application and its supporting papers, the Court finds:

(1) Plaintiff has demonstrated a sufficient likelihood of success on the merits of one or more of its claims for which injunctive relief is warranted against Defendants.

(2) Immediate and irreparable injury or loss is likely to result to Plaintiff if an injunction is not issued. Moreover, under Federal Rule of Civil Procedure 65(b)(1)(A), Plaintiff has demonstrated that this immediate and irreparable injury will result before Defendants can be heard in opposition to Plaintiff's TRO Application. Plaintiff will suffer irreparable harm if Defendants are permitted to impound, move, or sell the Heber Wild Horses without following the requirements of the APA and 36 C.F.R. § 262.10, because Plaintiff will have no adequate remedy and monetary damages do not represent a comparable substitute for the horses.

(3) The balance of equities tips in favor of Plaintiff as the irreparable harm to them outweighs the harm to the legitimate interests of Defendants that may result in the granting of the Application.

(4) The entry of a TRO is in the public's interest.

(5) A waiver of the bond requirement in Rule 65(c) is appropriate in this instance. (*See* App. at 13.)

**IT IS THEREFORE ORDERED** granting Plaintiff's Application (Doc. 64) to the extent it seeks a Temporary Restraining Order, and provisionally granting Plaintiff's Motion to Supplement Complaint (Doc. 64).

. . .

. . .

. . .

**IT IS FURTHER ORDERED** as follows:

(1) Defendants and their officers, agents, servants, employees, attorneys, and any person acting in concert or participation with them or acting at their direction or control ("enjoined parties"), directly or indirectly, are hereby prohibited from conducting, allowing, or authorizing the impoundment, movement, or sale of the Heber Wild Horses (or any reclassification thereof) from the Apache-Sitgreaves National Forest, effective immediately, until 14 days after the date and time the Court enters this Order, as indicated below, or until further Order of the Court.

(2) The Court acknowledges that certain horses had already been impounded at the time Plaintiff filed its TRO Application. Plaintiff does not request that those horses be released, and the Court does not so order, but they may not be sold or moved to auction, as stated in the prohibition above.

(3) Violation of this Order granting injunctive relief shall constitute contempt of Court and shall render the violating enjoined party subject to punishment accordingly.

(4) Plaintiff's Supplemental Complaint (Doc. 64-11) is provisionally accepted for the purpose of the Court's granting of Plaintiff's TRO Application. Defendants may respond to Plaintiff's Rule 15(d) request to supplement its pleadings in conjunction with Defendants' Response to Plaintiff's Application for Preliminary Injunction.

(5) Defendants shall file a Response to Plaintiff's Application for Preliminary Injunction and Motion to Supplement Complaint (Doc. 64) by **April 28, 2026, at 5:00 p.m.** (Arizona time). Plaintiff may file a reply by **April 30, 2026, at 12:00 p.m.** (Arizona time).

(6) The Court will hold a hearing on Plaintiff's Application for Preliminary Injunction and Motion to Supplement Complaint (Doc. 64) on **May 1, 2026, at 9:00 a.m.** (Arizona time) before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street,

Phoenix, Arizona 85003. This will not be an evidentiary hearing, and the Court will rely on the evidence the parties submit with their briefing to resolve Plaintiff's Application for Preliminary Injunction.

Dated this 24th day of April, 2026, at 3:00 p.m.

Honorable John J. Tuchi
United States District Judge