Troy B. Froderman (012717)
Scott C. Ryan (026791)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com

Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)
WEINER & CORDING
3100 Arapahoe Avenue, Suite 202
Boulder, Colorado 80303
(303) 440-3321
randall@randallweiner.com
annmarie@weinercording.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SALT RIVER WILD HORSE MANAGEMENT GROUP, <br><br> **PLAINTIFF**, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> **DEFENDANTS**. | CASE NO. CV-24-08148-PCT-JJT <br><br> **RESPONSE TO FEDERAL DEFENDANTS' "NOTICE" REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; <u>FORTHWITH DETERMINATION REQUESTED</u>** |

Plaintiff, thorough undersigned counsel, hereby responds to Federal Defendants' the United States, the U.S. Department of Agriculture, Brooke L. Rollins in her official capacity as Secretary of the Department of Agriculture, the United States Forest Service,

1

Josh Miller in his official capacity as Forest Supervisor for the Apache-Sitgreaves National Forest, and Michiko Martin in her official capacity as Regional Forester for the Southwest Region, "Notice Regarding Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction and Motion to Supplement Complaint" (the "Notice") [ECF No. 65], and states as follows:

Defendants' Notice confirms, rather than rebuts, the need for immediate injunctive relief.

In its Motion for TRO (the "Motion") [ECF No. 64], Plaintiff demonstrated that Defendants were unlawfully impounding—or allowing the impoundment of horses -- in violation of federal law, including the Wild Free-Roaming Horses and Burros Act ("WHBA"), 16 U.S.C. §§ 1331, 1338, and implementing regulations including 36 C.F.R. § 222.60(b)(13), 36 C.F.R. § 222.61(a), and 36 C.F.R. § 262.10, as well as related livestock trespass and fee regulations under 36 C.F.R. § 261.7 and 36 C.F.R. Part 222, Subpart C.

In response, Defendant states that the actions Plaintiff objects to in the Motion are "private retrieval efforts [] not undertaken by the Forest Service … before Forest Service operations begin." ECF No. 65 at 3.

Defendants attempt to avoid responsibility by asserting that the United States Forest Service ("USFS") is not itself conducting impoundments. Instead, they concede that private parties are capturing and removing horses from National Forest System lands, through their impoundment notice, claiming the horses as their own private livestock. This distinction does not cure the violation—it confirms it. USFS remains legally responsible for activity occurring under its impoundment notice and on federal land. It cannot avoid statutory and

regulatory obligations by permitting or facilitating removal activity outside the required federal framework.

Plaintiff's Motion demonstrated that horses were already being removed prior to the effective date of the impoundment notice, unbranded, unidentified horses are being captured now. *See* Motion, Exh. 11, ¶¶ 4-5. Defendants do not dispute that capture operations are occurring now, that horses are being removed by trailer, or that these activities began prior to the April 27, 2026 effective date. In response, Defendants attempt to reframe the issue as outside USFS responsibility. But the harm is identical regardless of who physically removes the horses. Whether conducted directly by USFS or through asserted private ownership claims under an agency-issued notice, horses are being removed from federal land without compliance with governing federal law.

Even accepting Defendants' assertion that what is occurring is simply "private retrieval efforts [] not undertaken by the Forest Service … before Forest Service operations begin," ECF No. 65 at 3, that does not eliminate USFS obligations. It triggers them. If horses are treated as "unauthorized livestock," USFS must comply with 36 C.F.R. § 261.7, 36 C.F.R. § 262.10, 36 C.F.R. § 222.60(b)(13), 36 C.F.R. § 222.61(a), and 36 C.F.R. Part 222, Subpart C, as well as 87 Fed. Reg. 35163 (June 9, 2022). These regulations require Forest Officer-controlled impoundment, individualized notice, animal-by-animal identification and classification, documented enforcement, and assessment of unauthorized grazing or trespass fees. Defendants have not shown compliance with any of these regulations.

Specifically, no individualized notice identifying specific horses or ownership claims has been issued, no animal-by-animal classification has been conducted to determine whether horses are protected under the WHBA or alleged privately owned livestock, no Forest Officer-led impoundment procedure have been documented as required by 36 C.F.R. § 262.10, no trespass or unauthorized grazing fee assessments have been issued under 36 C.F.R. Part 222, Subpart C, and no oversight mechanism has been disclosed ensuring compliance during ongoing removals. "Private retrieval efforts" cannot replace federal process. USFS cannot bypass statutory requirements by allowing private actors to do what the agency itself must lawfully regulate, document, and supervise.

Significantly, USFS has even allowed the construction of holding pens made with barbed wire *by private parties on public land*. Motion (ECF No. 64), Exh. 4, ¶¶ 6-7 and exh.1. Such "private retrieval efforts" under these circumstances demonstrates that the agency is acting "in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights" under the APA. 5 U.S.C. § 706(2)(C).

The current activities confirm the risks identified in Plaintiff's TRO. Plaintiff warned that unlawful impoundment would result in improper removal of protected horses, lack of oversight, and irreparable harm. Defendants' response implicitly concedes that those harms are presently occurring, but states that "[t]hose private retrieval efforts are not being undertaken by the Forest Service, and the Forest Service has not authorized the removal of any non-privately owned horses on its behalf." ECF No. 65 at 3.

However, the Forest Service cannot tacitly authorize such illegal activities on public lands. There is no on-site verified oversight or documented compliance process, no

assurance horses are not protected under the WHBA, no protocol to distinguish between the two classifications, no compliance with 36 C.F.R. § 262.10 impoundment safeguards, no enforcement of 36 C.F.R. § 261.7 livestock trespass procedures, and no implementation of 36 C.F.R. Part 222 Subpart C fee requirements. This is a complete breakdown of the regulatory framework governing removal of horses from federal land and violates the APA. 5 U.S.C. § 706(2), as demonstrated in the Motion.

The WHBA protects all unbranded and unclaimed horses and burros and their progeny that have used lands of the National Forest System as all or part of their habitat. 16 U.S.C. §§ 1331, 1338; 36 C.F.R. § 222.60(b)(13). This definition turns on habitat use, not administrative labeling or private ownership assertions. Because the horses at issue are unbranded and unidentified, and because no lawful classification process is occurring in the field, and because there is no procedure or mechanism to differentiate between "unauthorize livestock" and horses protected under the WHBA, federally protected horses have likely already been, and will continue to be, unlawfully removed.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court immediately:

1) enjoin Defendants from capturing, impounding, removing or retrieving horses on the Apache Sitgreaves National Forest;

2) enjoin Defendants from authorizing, permitting or allowing "private retrieval efforts" absent full compliance with 36 C.F.R. § 222.60(b)(13), 36 C.F.R. § 222.61(a), 36 C.F.R. § 262.10, 36 C.F.R. § 261.7, and 36 C.F.R. Part 222 Subpart C;

3) suspend the April 2, 2026 impoundment notice being relied upon for USFS impoundments and "private retrieval efforts";

4) require immediate accounting and disclosure of all horses already removed, including location and status, and the removal of holding corrals used for capture on Forest Service land;[1] and

5) grant all further relief necessary to preserve the status quo and prevent irreparable harm until the Court conducts a hearing or rules upon Plaintiff's request for a preliminary injunction and motion to supplement complaint.

Dated this 25th day of April, 2026.

Respectfully submitted,

WEINER & CORDING

By:    /s/ Randall M. Weiner
       Randall M. Weiner (CO Bar No. 23871)
       Annmarie Cording (CO Bar No. 42524)

       FR LAW GROUP PLLC
       Troy B. Froderman (012717)
       Rita M. Gara (037349)

**CERTIFICATE OF SERVICE**

---

[1] The Court should also require the preservation of all records concerning the announced April 27, 2026 impound action, including ownership claims, communications with permittees, brand inspections, contractor instructions, maps, capture protocols, photographs, videos, transportation arrangements, and any decision memoranda regarding whether horses will be treated as protected wild horses or unauthorized livestock.

6

I HEREBY CERTIFY that on April 25, 2026, I electronically transmitted the foregoing document and its exhibits to the Clerk's Office using the ECF System for filing and caused a copy to be electronically transmitted to all parties of record.


   */s/ Randall M. Weiner*
Randall M. Weiner