**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group, | No. CV-24-08148-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Agriculture, *et al.*, | |
| Defendants. | |

On April 24, 2026, the Court entered an Order (Doc. 66) granting Plaintiff Salt River Wild Horse Management Group's Application for Temporary Restraining Order ("TRO") (Doc. 64) without notice to Defendants, provisionally granting Plaintiff's request to file a supplemental complaint, and setting a briefing schedule and hearing on Plaintiff's Application for a Preliminary Injunction (Doc. 64, App.).[1] Both the Federal Defendants and Defendant Rail Lazy H Contracting and Consulting LLC ("Rail") timely filed Responses to Plaintiff's Preliminary Injunction Application and Motion to Supplement Complaint (Doc. 71, Fed. Defs.' Resp.; Doc. 72, Rail Resp.), and Plaintiff timely filed a Reply (Doc. 73, Reply). Upon review of the briefing, the Court determined it was unnecessary to hear further argument from the parties and vacated the Preliminary Injunction hearing. (Doc. 74.)

---

[1] While the Clerk of Court was in the process of entering the Court's Order (Doc. 66), the Federal Defendants filed a Response to Plaintiff's Motion (Doc. 65) and, the day after the Court entered the TRO, Plaintiff filed a Reply (Doc. 67). The Court considered only Plaintiff's briefing in the Application (Doc. 64) in entering the TRO.

The Court begins, as it must, by considering Plaintiff's request to file a supplement to its Second Amended Complaint ("SAC"), the operative pleading, because the proposed new supplemental claims form the basis of Plaintiff's Application for Preliminary Injunction. First, the Court finds that Plaintiff's allegations in its Proposed Supplemental Pleading to Its Second Amended Complaint (Doc. 64-11, Proposed Supp. Compl. ("PSC")) go so far beyond Plaintiff's SAC that they constitute new claims instead of supplemental allegations to the existing claims. As the Court set forth in its prior Order (Doc. 66), Federal Rule of Civil Procedure 15(d) provides that the Court may, "on motion and reasonable notice" as well as "just terms," permit a plaintiff to supplement a complaint to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The goal of Rule 15(d) is "judicial efficiency," determined by assessing "whether the entire controversy between the parties could be settled in one action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotations and citation omitted). But, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Id.* (internal quotations and citations omitted).

With the aid of the parties' briefing, a comparison of the claims raised in the Second Amended Complaint (Doc. 45, SAC) and those raised in the Proposed Supplemental Complaint reveals that the claims are not the same. In both the SAC and PSC, Plaintiff raises two claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) and (D), on the basis of Federal Defendants' alleged failure to comply with notice requirements and all of the Defendants' alleged failure to comply with federal procurement and other applicable regulations regarding the gathering, impoundment, transfer, and auction of horses. (SAC ¶¶ 44–49; PSC ¶¶ 38–43.) But in the PSC, Plaintiff explicitly raises new causes of action in the form of a claim for violation of the National Environmental Policy Act ("NEPA") and the Wild Free-Roaming Horses and Burros Act of 1971 ("Wild Horses Act"). (PSC ¶¶ 44–68.) On their face, these are separate, distinct, new causes of

- 2 -

action not permitted in a supplemental pleading. *See Planned Parenthood of S. Ariz.*, 130 F.3d at 402.

Moreover, while it is possible in a general sense to conclude that new, later allegations regarding notice, gathering, impoundment, transfer, and auction of different wild horses (or unauthorized livestock) are sufficiently related to prior allegations so as to constitute supplemental allegations under Rule 15(d), Defendants demonstrate that that general proposition is not applicable in this instance. The SAC and PSC address different groups of allegedly wild horses (*E.g.*, SAC ¶ 11 (Alpine Wild Horses); PSC ¶ 13 (Heber Wild Horses)), and the two horse populations are separated by at least 50 miles as well as "fences, communities, and other barriers to movement" (Fed. Defs.' Resp. at 2 (citing Doc. 71-1, Fink Decl.)). Importantly, the classification and administration of the Heber Wild Horses is premised on entirely different administrative acts from that of the Alpine Wild Horses. (*E.g.*, Fed. Defs.' Resp. at 11 ("At bottom, Plaintiff's proposed supplemental allegations challenge completely separate administrative decisions stemming from the Heber Wild Horse Territory Management Plan Environmental Assessment and Finding of No Significant Impact, which is a new cause of action.") If the Court allowed Plaintiff's proposed supplementation of the SAC to add claims related to the Heber Wild Horses, the single case presently before the Court under the SAC raising APA claims based on the administrative record for the Alpine Wild Horses would morph into two cases requiring the review of two administrative records (on top of the addition of two proposed new claims under NEPA and the Wild Horses Act, as mentioned above).[2] *See Ctr. for Food Safety v. Vilsack*, 2011 WL 672802, at *3 (N.D. Cal. Feb. 18, 2011) (denying a motion to supplement the complaint and concluding that a proposed supplemental claim challenging a new administrative decision that requires the filing of a separate administrative record should be resolved in a separate action). For this additional reason, Plaintiff's claims in the

---

[2] Plaintiff's request is thus akin to asking the Court to supplement a complaint to combine the reviews of two separate denials of social security benefits for two separate claimants—entered two years apart—into one case, which is inappropriate not only as a matter of law in requiring the review of two separate administrative records together, but also as a matter of judicial efficiency. In short, such a request is beyond the scope of a permissible supplemental complaint under Rule 15(d).

PSC are separate, distinct, new causes of action not permitted in a supplemental pleading. *See Planned Parenthood of S. Ariz.*, 130 F.3d at 402.

Second, the Court finds that Plaintiff's proposed new allegations in the PSC are duplicative of those already brought by other plaintiffs against the Department of Agriculture, its individual officers, and the Forest Service. (*See Int'l Soc'y for the Prot. of Mustangs and Burros [ISPMB], et al. v. U.S. Dep't of Agriculture, et al.*, Case No. 26-CV-08092-PCT-KML, filed April 22, 2026.) There, the plaintiffs raise claims under the APA, the Wild Horses Act, and NEPA—as Plaintiff attempts to do by supplementing the SAC in the present case—as well as for violation of a 2007 stipulated settlement agreement between ISPMB and the Forest Service, all regarding the disposition of the Heber Wild Horses. Those parties have proposed, and the Court has accepted, a briefing schedule regarding the plaintiffs' motion for preliminary injunction in that matter that sets the completion of briefing by the end of May. (Case No. 26-CV-08092-PCT-KML, Docs. 21, 22.) While Plaintiff here is not a party to that case, the Court is satisfied that the relief Plaintiff attempted to seek in the PSC in this matter is at issue in that case.

In sum, Plaintiff's allegations in the PSC are beyond the scope of a Rule 15(d) supplemental pleading, and the Court would deny Plaintiff's request to supplement the SAC for that reason alone. Both parties in this matter cite *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), to set forth the factors courts are to consider when evaluating a Rule 15(d) motion to supplement the complaint, which are (1) undue delay, (2) evidence of the movant's bad faith or delay, (3) the repeated failure of previous amendments, (4) undue prejudice to the opposing party—the factor that "carries the greatest weight"—and (5) futility of the amendment. Couched in those terms, Plaintiff's request to supplement the SAC would prejudice Defendants, who have already litigated this matter for two years (*e.g.*, Rail Resp. at 14), have already produced the administrative record related to Plaintiff's existing claims (Doc. 63), and would have to collect and produce a new, more expansive administrative record related to new claims regarding the

- 4 -

Heber Wild Horses. Moreover, Plaintiff's PSC is futile in light of the prior action brought by ISPMB seeking the same relief.

In its Reply, Plaintiff suggests that the Court could grant its motion to file the PSC and Defendants could move to consolidate the ISPMB matter with the present one. (Reply at 4–5.) Even if the PSC in this case was warranted under Rule 15(d)—which it is not, for all the reasons stated above—the plaintiffs in the two matters are different, and the ISPMB plaintiffs filed their action before Plaintiff filed its PSC in this action, both of which factors weigh against a consolidation of the ISPMB action into Plaintiff's proposed expansion of this action. Indeed, Plaintiff's hypothetical proposal to consolidate simply highlights the defects in its request to supplement the SAC to add new claims in this matter.

Finally, without a basis to grant Plaintiff leave to supplement or amend the SAC to add the proposed new claims concerning the Heber Wild Horses, the Court cannot consider Plaintiff's application for a preliminary injunction premised on those new claims. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (stating that, although "new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint"). In denying Plaintiff's motion to supplement and thus its application for preliminary injunction, the Court makes no finding as to the merits of Plaintiff's proposed new claims. Rather, the Court simply finds that the present case is not the proper vehicle to bring those claims.

For all these reasons,

**IT IS HEREBY ORDERED** dissolving the Temporary Restraining Order entered by the Court on April 24, 2026 (Doc. 66).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Supplement Complaint and Application for a Preliminary Injunction. (Doc. 64.)

Dated this 1st day of May, 2026.

Honorable John J. Tuchi
United States District Judge

- 5 -