Troy B. Froderman (012717)
Rita M. Gara (037349)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 210
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
rgara@frlawgroup.com

Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)
WEINER & CORDING
3100 Arapahoe Avenue, Suite 202
Boulder, Colorado 80303
(303) 440-3321
randall@randallweiner.com
annmarie@weinercording.com
*Applicant Pro Hac Vice Forthcoming*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Wild Horse Management Group, | Case No. 3:24-cv-08148-JJT |
| Plaintiff, | |
| vs. | |
| United States Government, Department of Agriculture, et. al, | **UNOPPOSED MOTION FOR EXTENTION OF TIME TO FILE MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD (FIRST REQUEST)** |
| Defendants. | |

**Introduction**

Pursuant to Fed. R. Civ. P. 6(b) and LRCiv 7.3, Plaintiff Salt River Wild Horse Management Group, Inc. ("SRWH"), by counsel, respectfully moves this Court for an extension of time to file its Motion to Supplement Administrative Record (the "Motion")

1

due to an unavoidable scheduling conflict arising from counsel's participation in a trial in another matter. This request is made pursuant to Federal Rule of Civil Procedure 6(b) and District of Arizona Local Rule LRCiv 7.3. Counsel's trial obligations directly overlap with the current deadline, making it impracticable to meet the Court's schedule despite diligent efforts. Granting this extension will ensure that Plaintiff is afforded a fair opportunity to adequately prepare its motion. The request is timely and will not prejudice any party or cause undue delay.

**Facts**

Plaintiff's counsel is lead counsel in a four-day jury trial in the 20th District Court of Colorado during the week of June 15, 2026, which directly conflicts with the deadline for filing the Motion in this matter. The current deadline for filing is June 12, 2026. Counsel has acted diligently in preparing for both matters but, due to the demands of trial preparation and participation, is unable to meet the existing deadline without compromising the quality of his representation.

Plaintiff seeks an extension of three weeks to file the Motion, or by July 3, 2026. The parties have also negotiated a briefing schedule which takes into account the undersigned's out-of-office schedule during July.

No prior extensions have been requested in this matter.

Counsel has conferred with opposing counsel regarding this following schedule and opposing counsel has no objection. Therefore, the proposed schedule is as follows:

Plaintiff's Motion:         July 3, 2026.
Defendant's Response:    July 29, 2026
Plaintiff's Reply:           August 10, 2026.

**Argument**

### A.  Summary of Argument

The Court should grant this motion for extension of time because (1) counsel's participation in another trial constitutes good cause under Federal Rule of Civil Procedure 6(b); (2) the motion fully complies with the procedural requirements of District of Arizona Local Rule LRCiv 7.3, including timeliness, supporting memorandum, proposed order, and conferral with opposing counsel; and (3) granting the extension will not prejudice the opposing party and is consistent with the principles of professional courtesy and the fair administration of justice as recognized by the Ninth Circuit.

### B.  Counsel's Trial Conflict Constitutes Good Cause for an Extension Under Rule 6(b)

Federal Rule of Civil Procedure 6(b) provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original time or its extension expires USCS Fed Rules Civ. Proc. R. 6. The rule requires only a showing of good cause for timely requests, not excusable neglect. The Ninth Circuit has recognized that genuine scheduling conflicts, such as counsel's obligations in another trial, can constitute good cause for an extension. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010). In *Ahanchian v. Xenon Pictures, Inc.,* the court emphasized that "adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case." *Id.* at 1263. The court further explained that, in the absence of bad faith or prejudice, timely requests for extensions should ordinarily be granted, especially when the movant has acted diligently and the extension is sought to allow counsel to fulfill professional obligations in multiple

3

matters. *Id.* Here, counsel's unavoidable trial conflict and diligence in seeking a timely extension satisfy the good cause standard under Rule 6(b) USCS Fed Rules Civ. Proc. R. 6, *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d at 1263.

### C.  The Motion Complies with District of Arizona Local Rule LRCiv 7.3

District of Arizona Local Rule LRCiv 7.3 sets forth specific procedural requirements for motions for extensions of time, including the need for a supporting memorandum, a proposed order, and a statement regarding conferral with opposing counsel. LRCiv 7.3. The present motion is timely, provides a proposed order, specifies the length of the requested extension and states the position of opposing counsel or describes efforts to obtain agreement. By meeting each of these requirements, the motion ensures that the Court has a complete record upon which to base its decision and that all parties are properly informed.

### D.  Granting the Extension Will Not Prejudice the Opposing Party and Serves the Interests of Justice

Courts routinely consider whether an extension of time would result in unfair prejudice to the opposing party. The absence of prejudice is a significant factor favoring the granting of an extension. In *Ahanchian,* the Ninth Circuit stated that where there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries. *Ahanchian,* 624 F.3d at 1263. The present motion is timely and there is no evidence or suggestion that granting the extension would cause any unfair prejudice to the opposing party. Rather, the extension merely allows for the filing of a required document, ensuring that the case is resolved on its merits rather than on procedural technicalities.

The diligence of the party seeking an extension is also a central consideration. Here, counsel has acted diligently by promptly filing a timely motion for extension, supported by this motion explaining the trial conflict. The timely and supported nature of the present motion demonstrates that counsel has not delayed or acted carelessly but rather has taken appropriate steps to ensure compliance with court deadlines to the extent possible.

Granting the requested extension is consistent with the expectation that attorneys treat each other with civility and respect, and that cases be decided on their merits rather than on procedural defaults. Allowing the extension will ensure that the client is able to fully and fairly advocate their position, without causing undue delay or prejudice to the opposing party. This approach serves the interests of justice and aligns with the policy articulated in *Ahanchian* that the courts should facilitate the resolution of disputes on their substantive merits.

## III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the schedule listed above be ordered by the Court on the Motion.

RESPECTFULLY SUBMITTED this 11th day of June, 2026.

WEINER & CORDING

By: */s/ Randall M. Weiner*

Randall M. Weiner, Esq.
Annmarie Cording, Esq.

FR LAW GROUP PLLC
Troy B. Froderman, Esq.
Rita M. Gara, Esq.

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and caused a copy to be electronically transmitted to all parties of record.

 /s/ Randall M. Weiner