Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)
WEINER & CORDING
3100 Arapahoe Avenue, Suite 202
Boulder, Colorado 80303
(303) 440-3321
randall@randallweiner.com
annmarie@weinercording.com
*Pro Hac Vice*

Troy B. Froderman (012717)
Rita M. Gara (037349)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 210
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
rgara@frlawgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Salt River Wild Horse Management Group,<br><br>Plaintiff,<br><br>vs.<br><br>United States Government, Department of Agriculture, et. al,<br><br>Defendants. | Case No. **CV24-8148-PCTJJT**<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINSTRATIVE RECORD AND CONSIDER EXTRA-RECORD EVIDENCE** |

I. INTRODUCTION

Plaintiff Salt River Wild Horse Management Group, Inc. ("SRWHMG"), by and through counsel, submits this reply to the response briefs of Defendants United States

Forest Service (the "Forest Service" or "USFS") and Rail Lazy H Contracting and Consulting LLC/Jacquelyn Hughes ("Rail Lazy H") regarding Plaintiff's motion to supplement the administrative record ("AR") in this matter.

1. *The AR should be supplemented with documents in the possession of the USFS.*

While USFS and Rail Lazy H challenge the *extent* of the discovery sought, they do not dispute that some of the requested documents: (1) will help the Court determine whether the agency has considered all relevant factors and explained its decision; and (2) were relied upon by the agency in reaching its decision. *See Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436; *Lands Council v. Forester of Region One of the United States Forest Serv.*, 395 F.3d 1019, 1030 (9th Cir. 2004) (these exceptions allow the court to "identify and plug holes in the administrative record.").

For instance, out of the eight (8) documents comprising the AR, none of them provide the communications between USFS and Rail Lazy H, the contractor. Certainly, the 60-page contract between the Forest Service and Rail Lazy H was drafted after some back and forth between the parties. *See* **Exhibit 1** (USFS-0004-USFS-0063)**.** There should also be payment invoices, status and final reports, and updates by the contractor on the impoundments and sales that occurred in 2024. Nor is it believable that the *only* USFS internal communications regarding the three-year impoundment and sales of the Alpine Wild Horses were two July 18, 2024 emails confirming that the sales notice was posted on the USFS website. **Exhibit 2** (USFS-0070-USFS-0071).

Where are the agency's communications concerning (i) the design and reach of the impoundment, (ii) the language provided in the public notices for the impoundment and sales, (iii) the instructions for publishing the notices, (iv) the outcome of the wild horse impoundments and any problems encountered, (v) the design and methodology for the horse auctions, and (vi) discussions concerning the transport of the horses and communications with buyers? These documents are missing, even though the record should "consist[] of all documents and materials directly or indirectly considered by agency decision-makers," whether those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

This is no "fishing expedition." ECF No. 82 at 7. Here, the conduct is known, but the documents explaining what has transpired have not been disclosed. *See Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) ("[w]hen such a failure to explain agency action effectively frustrates judicial review, the court may 'obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary'"), *citing Camp v. Pitts*, 411 U.S. 138, 143 (1973).

Defendants argue that Plaintiff is not entitled to documents beyond the July 2024 auction. But this Court cited with approval *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1066 (9th Cir. 2002) finding that the plaintiffs' claims were not moot simply because the alleged violations already occurred because the Court could still grant effective relief to address the continuing effects of the violative procedures, including an order to adjust future plans. ECF No. 54 at 8. Thus, because this Court can still affirmatively prevent the "the continuing effects of the violative procedures, including an order to adjust future

plans," documents outlining the Defendants' actions to the present should be included in a supplemented AR to help the Court provide appropriate relief. *See also id.* at 7 ("Defendants' actions regarding the sale, impoundment, or transport of horses from the Apache-Sitgreaves National Forest are ongoing—a proposition with which Defendants do not disagree.").

2. *The AR should be supplemented with documents from Rail Lazy H.*

Defendants dispute Plaintiff's contention that Rail Lazy H, when impounding and selling Alpine Wild Horses, is an agent of the USFS. *See In re Hoag Ranches*, 846 F.2d 1225, 1227-28 (9th Cir. 1988) (listing factors for determining when a private party is an agent of the government). However, *Lake v. Ohana Military Communities, LLC,* 14 F.4th 993, 1006 (9th Cir. 2021), cited by Rail Lazy H, confirms that in some cases, a contractor can "perform[] a governmental function," but it found that providing housing was not a general government function. By contrast, the removal of horses on public lands is not a function typically undertaken by the private sector. While housing construction is undertaken pursuant to local zoning laws, non-federal construction standards and building codes, a decision to manage a public land in balance with other recreational and livestock interests is made exclusively at the discretion, and dictates, of the land managers. *See* **Exhibit 1** (contract between the federal defendant and Rail Lazy H). Thus, Rail Lazy H's documents addressing how it impounds and conducts auctions for the Alpine Wild Horses should be included in the AR.

3. *Depositions are necessary for a proper assessment of the agency's decision and to determine the extent of self-dealing and violations of Federal regulations.*

In *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), this Circuit found that "the court may 'obtain from the agency, either through affidavits *or testimony*, such additional explanation of the reasons for the agency decision as may prove necessary.") (emphasis added). Similarly, in *Camp v. Pitts*, the U.S. Supreme Court remanded the case for a determination of whether the administrative record should be expanded with "further explanation." 411 U.S. at 143. Such "explanation" comes by way of depositions.

Plaintiff's request for limited depositions of the USFS Supervisor in charge of the impoundment of the Alpine Wild Horses, and the Rail Lazy H 30(b)(6) representative, are necessary for effective judicial review to explain the agency's "course of conduct or grounds of decision." *Animal Def. Council v. Hodel*, 840 F.2d at 1436. Depositions are necessary because the record does not adequately describe the agency's or its contractor's "course of conduct." Specifically, the record:

- contains no documents concerning how many wild horse auctions were held in 2024 and beyond, both on-line and in-person, when they occurred, what transpired or the exclusion of targeted members of the public, including Plaintiff, from the auctions;
- does not contain information on how many Alpine Wild Horses were impounded, sold at auctions, or sold to Rail Lazy H/Jacqueline Hughes for $25, which is necessary to determine the extent of self-dealing and violations

of the 'maximum return at minimum cost' and 'full and open competition' auction requirements under 5 U.S.C. § 262.10. *See* ECF No. 54 (Court's 1/20/26 Order) at 2, 9; and

- does not reflect how many horses died and the manner of their impoundment, holding and transport, which is necessary to determine the instances of animal cruelty. *See id.* at 9.

*See also* Motion, Declaration of Simone Netherlands (ECF No. 79-1) at ¶¶ 11-12, 14.

Defendant USFS argues that a deposition is not permitted because Plaintiff did not previously allege bad faith. ECF No. 82 at 27. But "bad faith" is not the only basis for obtaining a "further explanation" of agency conduct; another one is "effective judicial review." *See Animal Def. Council v. Hodel*, 840 F.2d at 1436; *Camp v. Pitts*, 411 U.S. at 143. Even if bad faith must be alleged, Plaintiff's allegations of "self-dealing" and "animal cruelty" are sufficient for the Court to infer an allegation of bad faith. *See* ECF 54 at 9.

Defendant Rail Lazy H attempts to distinguish the four fact-specific cases cited in the Motion that authorized depositions to supplement an AR (EDF No. 79 at 8-9), but then ironically argues that facts surrounding the confinement of the wild horses have not been sufficiently alleged to demonstrate the extent of the animal cruelty prohibited by 49 U.S.C. §§ 80502(a)(1) and 80502(b). ECF No. 83 at 13. However, Rail Lazy H is the entity in possession of those facts. Rail Lazy H should not be heard to argue that Ms. Netherlands had not "followed, had eyes on, or continually monitored the truck for the entire 48 hours" without having to testify as to what actually transpired.

4. *The AR should be supplemented with the following documents.*

| Document / Discovery Sought | Type | Reason for Inclusion/Consideration |
| --- | --- | --- |
| Full Record of Alpine Wild Horse Auctions That Took Place Between January 2023 and July 2024 | Omitted Document | To address allegations that notice was inadequate, the Service should provide a full record of auctions occurring between January 2024 and July 2024, including notices thereof. |
| Additional contracts between the Forest Service/BLM and Rail Lazy H outlining the contractor's responsibilities with respect to the Alpine Wild Horses | Omitted Document | These contracts explain agency "course of conduct or grounds of decision." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436. |
| Communications between Rail Lazy H and the Forest Service between January 1, 2023 and December 31, 2024 | Omitted Document | Internal emails between Lazy H and the Service are required to explain agency "course of conduct or grounds of decision." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436. |
| Communications between Lazy H and potential bidders, including those who were denied entry | Omitted Document | Emails between Lazy H and potential bidders who were denied entry is required to explain agency "course of conduct." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436. |
| Physical Sales Notices | Omitted Document | The AR is lacking the physical notices of sale, specifically the 6/16/24 notice at issue in this proceeding. |

| | | |
|---|---|---|
| Deposition of Service's Contractor Lazy H Owner / Operator | Extra-Record Discovery | The deposition of Rail Lazy H representative to assess alleged federal law violations concerning self-dealing, improper exclusion of buyers, and transportation of horses in violation of animal cruelty laws. |
| Deposition of Service's Supervisor | Extra-Record Discovery | The deposition of the Service's supervisor to fill in the holes concerning the impoundment and sales occurring of Alpine Wild Horses between 2023 and 2024. |

For the foregoing reasons, Plaintiff respectfully requests that the record be enlarged to include the documents listed above, and that the Court authorize the taking of depositions of the Forest Service supervisor and Rail Lazy H 30(b)(6) representative in order to provide an explanation of Defendants' conduct and what transpired with the Alpine Wild Horses.

Dated this 17th day of August, 2026.

WEINER & CORDING

By: */s/ Randall M. Weiner*
Randall M. Weiner (CO Bar No. 23871)
Annmarie Cording (CO Bar No. 42524)

FR LAW GROUP PLLC
Troy B. Froderman (012717)
Rita M. Gara (037349)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2026, I electronically transmitted the foregoing document and its exhibits to the Clerk's Office using the ECF System for filing and caused a copy to be electronically transmitted to all parties of record.

*/s/ Randall M. Weiner*
Randall M. Weiner